UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BRIAN DAVIS, ) | Civil Action No.: 4:13-cv-2952-RBH-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.   INTRODUCTION

Plaintiff brings this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 2671 et seq., arising out of injuries allegedly sustained by Plaintiff during a motor vehicle collision while he was being transported in a van owned by the Bureau of Prisons and operated by its employees. Presently before the court is Plaintiff's Motion to Compel (Document # 18) Defendant to transport Plaintiff for an independent medical exam.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

## II.   FACTS

Plaintiff began to complain about pain in his left Achilles tendon in June 2011, as a result of running. Pl. BOP Medical Records, pp. 000001-002. Plaintiff had a MRI on March 6, 2012, and his first surgery on his left Achilles tendon was performed by Dr. Hassler, a contract Orthopedist, on May 25, 2012.  Pl. BOP Medical Records, pp. 3-4; Pl. Specialist Reports, pp. 7-9. Plaintiff reinjured his left Achilles tendon when he slipped and fell in the shower on or about July 23, 2012. Pl. BOP Medical Records, pp. 7-9.  Plaintiff underwent his second Achilles tendon surgical repair on August 21, 2012, which was again performed by Dr. Hassler. Pl. BOP Medical Records, pp.

11-17; Pl. Specialist Reports, pp. 23-26.

On September 5, 2012, after Plaintiff's follow-up appointment with Dr. Hassler, Plaintiff was involved in a motor vehicle accident. Pl. BOP Medical Records, pp. 18-23; Pl. Specialist Reports, pp. 42-43. At the time, Plaintiff was in a wheelchair, and his surgical wound was still stapled together and his leg was in a partial cast. Answer ¶ 11. Plaintiff was placed in handcuffs and bellychained for the return trip. Answer ¶15. The BOP van being used to transport Plaintiff was not equipped with wheelchair accommodating-seatbelts. Answer ¶18. Therefore, even though the wheelchair was secured to the floor of the van, Plaintiff was not secured to the wheelchair itself. Answer ¶ 18. Defendant has admitted that it violated its own policies, procedures, and training by transporting Plaintiff in a van in which it was impossible for Plaintiff to buckle up or without ensuring Plaintiff was buckled up. Def. Resp. to Pl. First Set of Req. for Admisson. During the return trip, the BOP van was involved in a collision with another vehicle, and Plaintiff was propelled forward out of his wheelchair. He was taken to the Emergency Room and returned to the institution that same day. Pl. Specialist Reports, pp. 31-41.

On October 4, 2012, Plaintiff had a second MRI, which was reviewed by Dr. Hassler. Pl. BOP Medical Records, pp. 24-29; Pl. Specialist Reports, pp. 62-65. Thereafter, Plaintiff was seen for follow-up evaluations by Dr. Hassler on several occasions until his transfer in May 2013. Pl. Specialist Reports, pp. 67-111. Plaintiff has not had any further Achilles tendon surgical repairs since August 21, 2012, prior to the accident on September 5, 2012. Pl. Specialist Reports, pp. 23-111. However, he has had five debridements (cleaning of infection from the wound site) since his second surgery. Pl. Specialist Reports, pp. 67-82 & 96-101.

### III.    DISCUSSION

Plaintiff brings this motion pursuant to Fed.R.Civ.P. 35(a)(1), which allows courts to "order

a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control." Plaintiff reads the second sentence cited above as allowing a court to order a prison to produce a prisoner for examination as the prisoner's request. However, this position has been routinely rejected. "Rule 35 does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself." Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003), cert. denied, 540 U.S. 1132, 124 S.Ct. 1107, 157 L.Ed.2d 936 (2004); see also Johnson v. Bumgardner, No. 5:12-cv-1914-JMC-KDW, 2013 WL 1187016 at *2 (D.S.C. March 20, 2013) Ashford v. Gordon, No. 0:13-1113-JFA-PJG, 2013 WL 5495280 at *1 (D.S.C. Oct. 2, 2013); Woodruff v. Byars, No. 5:12-344-RMG-KDW, 2012 WL 1977911 at *1 (D.S.C. June 1, 2012); Lindsay v. Lewis, No. 1:11-cv-67, 2012 WL 1155744 at *1 (M.D.N.C. Apr. 6, 2012); Melton v. Simmons, No. 1:08CV458–3–MU, 2009 WL 454619 at *1 (W.D.N.C. Feb.23, 2009); Smith v. Carroll, 602 F.Supp.2d 521, 526 (D. Del. 2009); Adams v. Epps, No. 5:08-cv-154-DCB-MTP, 2008 WL 4861926 at *1 (S.D.Miss. Nov. 10, 2008); Cabrera v. Williams, No. 4:05-cv-3121, 2007 WL 2682163 at *2 (D. Neb. Sept 7, 2007); Lindell v. Daley, No. 02-C-459-C, 2003 WL 23111624 at *1–2 (W.D. Wis. June 30, 2002). "Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party." Brown, 74 Fed. App'x at 164. "The language in Rule 35 authorizing courts to order a party to 'produce for examination a person who is in its custody or under its legal control' allows courts to compel a parent, guardian or other person suing to recover injuries to a minor or other person under his or her control to produce such minor or other person on the motion of an opposing party; it is not intended for a situation where a prisoner-plaintiff wishes an examination of himself." Paiva v. Bansal, No.

-3-

10–179 S, 2011 WL 1595425, at *1 (D.R.I. Apr.27, 2011) (quoting Fed.R.Civ.P. 35(a)(1)) (citing 8A Charles Alan Wright, et al., Federal Practice & Procedure § 2233 (2d ed.1994)).  For these reasons, Plaintiff's request is improper under this rule.

## IV.     CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Compel (Document # 18) is **DENIED**.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 22, 2015
Florence, South Carolina